DREW, Acting Chief Justice.
The petition for certiorari in this case seeks review of an order of the Public Service Commission requiring petitioners to file “motor carrier tariffs which will reflect rates and charges to be made for their motor carrier services which are no lower than the rates and charges of competing truck lines” over the routes served by them, (e.s.)
Petitioners controvert the order on the ground that the statute under which they hold motor transportation certificates (as an adjunct to rail service) provides:
“Sec. 323.26. * * * The rates and charges for transportation by motor vehicles, as in this section provided, shall be the same as those which any such railroad company, its receivers or trustees may be authorized to charge if such transportation had been solely by rail;
The Commission relies upon the general provisions[1] vesting regulatory power over motor carriers, and the provision in Sec. 323.26, supra, that railroad carriers operating motor vehicles under such statute “shall be, as to said motor vehicles, motor carriers under this chapter and subject to all the provisions of this chapter’’[2] (e.s.)
We find that the express mandate of Sec. 323.26 first above quoted is conclusive of the issue in dispute, and requires that the Commission’s order be quashed. The legislative rate prescription is not in terms limited to the initial charge, and the only qualifying language in the statute on this point is that which requires due notice and application before the rate may be “lowered below the rate * * * of any competing truck. lines * * *.”[3] We conclude that neither this language, nor that making such railroad motor carriers “subject to all the provisions of this chapter”, provides any basis for the order herein imposing a rate greater than that specified by the statute.[4]
The questioned order is hereby quashed.
THORNAL, CALDWELL, ERVIN and BARNS (Retired), JJ., concur.

. F.S. 323.07, 323.19, 323.08, F.S.A.

. Sec. 323.26 also provides:
“No rate or classfication applicable to the service applied for in force and effect as prescribed or allowed by the commission when such application is made, shall he lowered helow the rate or classification of any competing truck lines over the route sought to be served by the applicant without the public service commission first having heard an application so to do, upon due notice as is now or may hereafter be required of any other certificated truck line.” (e. s.)

. Ibid.

. Cf. American Trucking Ass’ns, et al. v. A. T. & S. F. Ry. Co. et al., 387 U.S. 397, 87 S.Ct. 1608, 18 L.Ed.2d 847, opinion filed May 29, 1967.